Hyde v. Hepp.

---

EDWARD G. HYDE *v.* WILLIAM T. HEPP.

Action to recover of defendant the value of certain carriages, consigned by plaintiff to a third person for sale, and sold under a *fi. fa.* by defendant, and purchased by him as the property of one of his debtors. The consignee, who resided in another State, having since died, plaintiff offered the clerk of the consignee as a witness. On an objection to his testimony, on the ground that his only knowledge of the matters of controversy, being derived from a correspondence between the plaintiff and consignee, not produced nor accounted for, was not the best evidence: *Held*, that his testimony was admissible, and that plaintiff cannot be supposed to have the means of procuring the books and papers of the deceased, nor the letters written to him.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*A. Hennen*, for the plaintiff.

*Lockett* and *Micou*, for the appellant.

MARTIN, J. The plaintiff claims the value of two carriages of his, on which the present defendant caused a *fi. fa.* to be levied, and which were sold and purchased by him as the property of one of his debtors. The defendant pleaded the general issue, and averred that he bought the carriages on an execution from the Commercial Court. There was judgment against him, and he appealed.

Our attention is arrested by a bill of exceptions to the testimony of Avery, on the ground that his knowledge of the matter in controversy, being derived from correspondence between the plaintiff and one F. C. Rose, and that correspondence not being produced or accounted for, the testimony was secondary only, and not the best evidence. It does not appear to us that the court erred. The witness was a clerk of Rose, the person to whom the plaintiff had shipped the carriages to be sold on commission, and who is the defendant in the *fi. fa.* under which they were seized and sold. He is now dead. The witness derived his knowledge from the books and papers of the deceased, and the plaintiff's correspondence with him. The plaintiff was

Krœutler and another v. The Bank of the United States.

certainly entitled to his testimony, and cannot be supposed to have the means of procuring the books and papers of the deceased, who resided in the State of Mississippi, nor the letters he wrote to him.

The testimony of this witness is corroborated by others, whose depositions alone might have supported the plaintiff's case.

*Judgment affirmed.*